**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene John McIlhenny,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-21-00492-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Eugene John McIlhenny's appeal from the Commissioner of the Social Security Administration's (SSA) denial of social security benefits. (Doc. 17). The appeal is fully briefed (Doc. 17, Doc. 18, Doc. 22), and the Court now rules.

## I.   BACKGROUND

Plaintiff presents two issues in this appeal: (1) whether the Administrative Law Judge ("ALJ") erred in determining Plaintiff's residual functional capacity ("RFC"), and (2) whether Plaintiff received a constitutionally valid SSA Appeals Council adjudication process and determination. (Doc. 17 at 1–2).

### A.   Factual Overview

Plaintiff was 46 years old at the time of his alleged disability onset date of December 9, 2016. (*Id.* at 2). He has a college education and past relevant work experience as a security guard. (Doc. 16-3 at 28). Plaintiff filed his social security disability claim on January 13, 2017, alleging disabilities including post-traumatic stress disorder ("PTSD"),

depression, diabetes, and high blood pressure. (*Id.* at 18, 20). Denial of Plaintiff's claim occurred on July 12, 2017, and upon reconsideration on September 25, 2017. (*Id.* at 20). Plaintiff then appeared and testified at a hearing on August 7, 2019, and at a supplemental hearing on April 3, 2020. (*Id.*) On May 12, 2020, an ALJ again denied Plaintiff's claim. (Doc. 17 at 2). On January 25, 2021, the SSA Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as final. (Doc. 16-3 at 1–6).

### B. The SSA's Five-Step Evaluation Process

To qualify for social security disability insurance benefits, a claimant must show that he "is under a disability." 42 U.S.C. § 423(a)(1)(E). To be "under a disability," the claimant must be unable to engage in "substantial gainful activity" due to any medically determinable physical or mental impairment. *Id.* § 423(d)(1). The impairment must be of such severity that the claimant cannot do his previous work or any other substantial gainful work within the national economy. *Id.* § 423(d)(2). The SSA has created a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(1). The steps are followed in order, and each step is potentially dispositive. *See id.* § 404.1520(a)(4).

At step one, the ALJ determines whether the claimant is engaging in "substantial gainful activity." *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is work activity that is (1) "substantial," i.e., doing "significant physical or mental activities;" and (2) "gainful," i.e., usually done "for pay or profit." 20 C.F.R. § 416.972(a)–(b). If the claimant is engaging in substantial gainful work activity, the ALJ will find the claimant is not disabled. *Id.* § 404.1520(a)(4)(i).

At step two, the ALJ determines whether the claimant has "a severe medically determinable physical or mental impairment" or severe "combination of impairments." *Id.* § 404.1520(a)(4)(ii). To be "severe," the claimant's impairment must "significantly limit" the claimant's "physical or mental ability to do basic work activities." *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the ALJ will find the claimant is not disabled. *Id.* § 404.1520(a)(4)(ii).

At step three, the ALJ determines whether the claimant's impairment(s) "meets or equals" an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the ALJ will find the claimant is disabled, but if not, the ALJ must assess the claimant's "residual functional capacity" ("RFC") before proceeding to step four. *Id.* §§ 404.1520(a)(4)(iii), 404.1520(e). The claimant's RFC is his ability to do physical and mental work activities "despite his limitations," based on all relevant evidence in the case record. *Id.* § 404.1545(a)(1). To determine RFC, the ALJ must consider all the claimant's impairments, including those that are not "severe," and any related symptoms that "affect what [the claimant] can do in a work setting." *Id.* §§ 404.1545(a)(1)–(2).

At step four, the ALJ determines whether the claimant has the RFC to perform the physical and mental demands of "his past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 404.1520(e). "Past relevant work" is work the claimant has "done within the past 15 years, that was substantial gainful activity." *Id.* § 404.1560(b)(1). If the claimant has the RFC to perform his past relevant work, the ALJ will find the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform his past relevant work, the ALJ will proceed to step five in the sequential evaluation process.

At step five, the last in the sequence, the ALJ considers whether the claimant "can make an adjustment to other work," considering his RFC, age, education, and work experience. *Id.* § 404.1520(a)(v). If so, the ALJ will find the claimant not disabled. *Id.* If the claimant cannot make this adjustment, the ALJ will find the opposite. *Id.*

Regarding steps 1-5, here, the ALJ found that Plaintiff: (1) did not engage in substantial gainful activity from the alleged onset date of December 9, 2016 through the date last insured of December 31, 2018; (2) had the severe impairments of PTSD, depression, diabetes, and high blood pressure; (3) did not have any impairment(s) that met or medically equaled a listed impairment in Appendix 1 to Subpart P of 20 C.F.R. Part 404 and thus had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c); (4) was unable to perform any past relevant work through the date last insured; and (5) could have performed a significant number of jobs in the national economy through the date last

insured, considering Plaintiff's age, education, work experience, and RFC. (Doc. 16-3 at 20–29). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. (*Id.* at 31).

## II. LEGAL STANDARD

This Court may not set aside a final denial of disability benefits unless the ALJ decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). Substantial evidence refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). The Court, in its review, must consider the record in its entirety, "weighing both the evidence that supports and evidence that detracts from the [ALJ's] conclusion." *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2007)).

The ALJ—not this Court—is responsible for resolving ambiguities, resolving conflicts in medical testimony, determining credibility, and drawing logical inferences from the medical record. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984)). Therefore, when the evidence of record could result in more than one rational interpretation, "the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Further, this Court may only review the reasons the ALJ provides in the disability determination; it "may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010.

## III. DISCUSSION

Plaintiff argues that remand is required for the following reasons: (1) in determining Plaintiff's RFC, the ALJ did not account for Plaintiff's limitations in ability to adapt, manage oneself, and maintain pace; and (2) his disability claim did not receive a constitutionally valid determination or adjudicatory process because the SSA Appeals Council acted under Social Security Administration Commissioner Andrew Saul's

authority in violation of separation of powers principles. (Doc. 17 at 1–2; Doc. 22 at 6–7).

## A. The ALJ's RFC Finding

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC. (Doc. 17 at 9). Specifically, Plaintiff alleges that the ALJ failed to account for Plaintiff's "limitations in adapting or managing oneself and maintaining pace" in determining Plaintiff's mental RFC. (*Id.*)

During the five-step sequential evaluation discussed above, when evaluating adult mental impairment severity, the ALJ must rate "the degree of functional limitation resulting from the impairment" of the claimant in four broad areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520(a)(c)(3). The claimant's degree of functional limitation is based on the extent to which his impairment interferes with his ability "to function independently, appropriately, effectively, and on a sustained basis." *Id.* § 404.1520(a)(c)(2). When rating the claimant's degree of limitation in the above four areas, the ALJ uses the following five-point scale: none, mild, moderate, marked, and extreme. *Id.* § 404.1520(a)(c)(4). Once the ALJ rates the claimant's degree of functional limitation, the ALJ then determines the severity of the claimant's mental impairment(s). *Id.* § 404.1520(a)(d). If the ALJ finds the degree of limitation is "none" or "mild," he will generally conclude the claimant's impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *Id.* § 404.1520(a)(d)(2). If the ALJ finds there are severe mental impairments that either do not meet or are not equivalent in severity to any mental disorder listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he will then assess the claimant's RFC. *Id.* §§ 404.1520(a)(d)(3), 404.1525, 404.1526.

The ALJ must incorporate relevant findings and conclusions based on the above procedure in his written decision. *Id.* § 404.1520(a)(e)(4). The ALJ's written decision must "include the significant history, including examination and laboratory findings, and the

functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." *Id.* Additionally, the written decision must include a specific finding regarding the degree of limitation in each of the four functional areas described above. *Id.*

Here, the ALJ found that Plaintiff had a moderate functional limitation in all four assessed areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (Doc. 16-3 at 22). Additionally, while the ALJ identified two severe mental impairments, PTSD and depression, the ALJ determined that Plaintiff did not have any impairment(s) that "met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." (*Id.* at 21). The ALJ then determined Plaintiff's RFC, reflecting the degree of limitation found in the mental function analysis:

> After careful consideration of the entire record the undersigned finds that … [Plaintiff] had the [RFC] to perform medium work as defined in 20 [C.F.R. §] 404.1567(c) except [Plaintiff] can climb ramps and stairs frequently, climb ladders, ropes or scaffolds occasionally, balance frequently, stoop frequently, kneel frequently and crawl frequently. [Plaintiff] can be exposed to extreme cold and extreme heat occasionally. He is able to perform simple, routine tasks and make simple work related decisions. The claimant is able to interact with supervisors, co-workers and the public occasionally.

*Id.* at 22.

Plaintiff argues that the ALJ failed to account for Plaintiff's moderate functional limitations in adapting or managing oneself and in maintaining pace. (Doc. 17 at 3). Specifically, Plaintiff alleges that while the ALJ included work-related accommodations for Plaintiff's moderate limitations in "interacting with others," "understanding, remembering, and applying information," and "concentrating and persisting" in the RFC finding, the ALJ did not do so for Plaintiff's moderate limitations in "maintaining pace" and "managing and adapting oneself." (*Id.* at 6–7). Further, Plaintiff argues that the ALJ failed to explain why the adopted functional limitations do not impact Plaintiff's working

ability, such that they were properly excluded from Plaintiff's RFC. (*Id.* at 8). Plaintiff additionally argues that because the ALJ did not account for these allegedly excluded limitations, the ALJ's decision is incomplete and did not meet the statutory burden of proof. (*Id.* at 9). The Court finds these arguments without merit.

When assessing the RFC, the ALJ is required to consider all the "medically determinable impairments that are not 'severe'…." 20 C.F.R. § 404.1545(a)(2). The Court will uphold the ALJ's determined RFC if the ALJ "applied the proper legal standard" and the decision "is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ is not required to include a plaintiff's mental impairments if the ALJ has considered them and concluded that they do not impact Plaintiff's ability to work. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228–29 (9th Cir. 2009) (holding that because the plaintiff's mental impairment did not correspond to limitations on the plaintiff's ability to perform basic work activities, the ALJ did not fail to account for the plaintiff's mental disorder).

As discussed above, the ALJ appropriately determined that Plaintiff did not have impairment(s) that "met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (Doc. 16-3 at 21). The ALJ provided substantial evidence in accordance with the statutory analysis outlined in 20 C.F.R. § 404.1520(a). *See Benear v. Saul*, 838 Fed. App'x 305, 306 (9th Cir. 2021). Further, it is reasonable that the ALJ's finding of Plaintiff's moderate limitations in "maintaining pace" and "managing and adapting oneself" did not impact the ALJ's RFC decision. *Schalik v. Berryhill*, No. 16-CV-2059 W (KSC), 2017 WL 4272325 at *6 (S.D. Cal. 2017) (holding that the ALJ was free to consider the evidence and conclude that moderate limitations did not affect the plaintiff's RFC and therefore, did not need to include them). Hence, the ALJ did not err by excluding discussion of Plaintiff's moderate functional mental limitations of "maintaining pace" and "managing and adapting oneself" in the RFC. *See Bray*, 554 F.3d at 1228–29.

In addition, 20 C.F.R. § 404.1545(a)(2) requires only that the ALJ "consider" non-

severe impairments when determining the RFC. § 404.1545(a)(2). Here, the ALJ did not specifically mention Plaintiff's moderate limitations in "maintaining pace" and "managing and adapting oneself" in the RFC. (Doc. 16-3 at 22). However, in his decision, the ALJ clearly stated that he considered these limitations when determining the RFC. (*Id.*) ("the following [RFC] reflects the degree of limitation the undersigned has found in the … mental function analysis …. after careful consideration of the entire record"). Plaintiff also contends that the moderate limitations in question were "more severe than a mild limitation or no limitation," and the ALJ thus erred in failing to account for these limitations in the RFC or explain why they did not impact Plaintiff's RFC. (Doc. 17 at 5, 8). However, this argument is unfounded—the ALJ was not required to discuss mental limitations in the RFC if he did not believe they impacted Plaintiff's work ability. *See Bray*, 554 F.3d at 1228–29.

Here, the ALJ cited information from the medical record supporting the determination that Plaintiff would be able to "maintain pace" and "manage and adapt" himself despite his mental impairments. For example, ALJ stated that Plaintiff's health records for the adjudicatory period "generally support that the claimant was receiving benefit from treatment." (*Id.* at 18, 23). More specifically, the ALJ stated that in January and March 2017, Plaintiff had a memory "within normal limits" and "adequate attention." (*Id.* at 24). The ALJ also noted that on March 23, 2017, Plaintiff's thought process was "logical and goal-directed." (*Id.*) These findings support the determination that Plaintiff would be able to "maintain pace" adequately enough not to interfere with his work ability. The ALJ further noted that in January, March, and May of 2017, Plaintiff had coherent thought content, intact thought processes, and intact insight. (*Id.*) The ALJ also highlighted that in March and May of 2017, Plaintiff had fair insight and judgment, and in March 2017, Plaintiff had adequate impulse control. (*Id.*) These results support the ALJ's determination that Plaintiff would be able to "manage and adapt" himself. Thus, despite Plaintiff's mental impairments, there is evidence in the medical record supporting that Plaintiff's moderate limitations in the areas in question would not impact his ability to work. Therefore, contrary to Plaintiff's assertion, the ALJ was not obligated to specifically discuss the moderate

mental limitations of "maintaining pace" and "managing and adapting oneself" in the RFC. (Doc. 16-3 at 21).

Consequently, when determining the RFC, the ALJ met the statutory burden of considering all of Plaintiff's mental and physical impairments, including the moderate mental limitations discussed above. 20 C.F.R. § 404.1545(a)(2). Accordingly, the Court finds no error in the ALJ's decision.

### B. Unconstitutional Removal Protection

Plaintiff argues that the SSA Appeals Council's decisions under the authority of Commissioner Saul are constitutionally invalid. (Doc. 17 at 9). Plaintiff asserts that this is because the allegedly unconstitutional statutory removal restriction contained in 42 U.S.C. § 902(a)(3) limits the President's authority to remove the SSA Commissioner without cause, thereby violating separation of powers principles. (Doc. 17 at 9–10).

The Supreme Court has found that restrictions on the President's power to remove an agency's director violate separation of powers principles, making that agency's structure unconstitutional. *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020); *Collins v. Yellen*, 141 S. Ct. 1761, 1786–87 (2021). Recently, however, the Supreme Court has also determined that plaintiffs must show "compensable harm" from this violation in order to be entitled to legal remedy. *Collins*, 141 S. Ct. at 1787–89. To show "compensable harm" under *Collins*, plaintiffs must first demonstrate that an unconstitutional removal restriction applied to the agency director who took the action of complaint. *Id.* at 1787. Second, plaintiff must be able to identify a specific, compensable harm resulting from the unconstitutional restriction preventing the director's removal. *Id.* at 1789. The Ninth Circuit recently approved of the use of the *Collins* test in social security disability cases. *Kaufmann v. Kijakazi*, 32 F.4th 843, 849–50 (9th Cir. 2022) ("unless a claimant demonstrates actual harm [from the unconstitutional provision], the unconstitutional provision has no effect on the claimant's case"). Here, for Plaintiff to be entitled to relief under *Kaufmann*, Plaintiff must show that his unfavorable disability decision was tied to the unconstitutional removal provision. *Id.*

Regarding the first element in the *Collins* test, both parties appear to agree that an

unconstitutional removal restriction applied to the SSA Commissioner in place during the time the Appeals Council denied Plaintiff's appeal. (Doc. 17 at 9–10, Doc. 18 at 5). Both parties also agree that the ALJ served under a valid appointment, Plaintiff noting that the current appeal "is not an Appointments Clause challenge." (Doc 22 at 6, Doc. 18 at 8–9). The issue in dispute concerns the second element of the *Collins* test, whether Plaintiff can identify actual compensable harm resulting from the unconstitutional removal restriction. (Doc. 18 at 6, Doc. 22 at 6–7).

Plaintiff argues that Commissioner Saul had no constitutionally valid authority to delegate to the Appeals Council, because President Biden would have removed the Commissioner but for the statutory removal provision preventing this. (Doc. 22 at 8). Plaintiff asserts that "this shows a direct causal nexus" between the statutory removal provision and Plaintiff's specific injuries incurred as a result of the SSA Appeals Council's actions. (*Id.* at 10). Plaintiff alleges that his specific injuries include the failure to receive a constitutionally valid Appeals Council adjudication process and determination, which Plaintiff states the Appeals Council was unable to provide absent valid authority from the Commissioner. (*Id.* at 6–7). The Court does not find merit in Plaintiff's arguments.

First, Plaintiff's argument that the Commissioner was unable to validly authorize the Appeals Council to act directly contradicts the Supreme Court's holding in *Collins*. 141 S. Ct. at 1787–88 & n.23 (concluding that an unconstitutional removal provision does not affect the authority of agency officials to act, especially where there is no dispute as to whether there was proper appointment of the agency director). Since Plaintiff concedes that this appeal is not a challenge to any agency appointments, "there is no reason to regard any of the actions taken by the [agency] as void." *Collins*, 141 S. Ct at 1787. Further, in *Kaufmann*, the Ninth Circuit rejected a claimant's similar argument because it was not particularized to that claimant, declaring that a claimant has no entitlement to relief "without some evidence of *how* the Commissioner was inclined to exercise expanded authority with respect to the particular claimant." *Kaufmann*, 32 F.4th at 850 (emphasis in original).

Second, Plaintiff has not met his burden to show actual harm because he "has presented neither evidence nor a plausible theory to show that the removal provision caused [him] any harm." *Id.* at 849–50. Again, Plaintiff argues that because Commissioner Saul allegedly could not provide constitutionally valid authority to the Appeals Council, the Appeals Council was unable to provide a constitutionally valid adjudication process and determination, thus injuring Plaintiff. (Doc. 22 at 6-7). However, as previously discussed, the removal provision did not affect the authority of the Appeals Council to act, and therefore, did not render the Appeals Council's adjudication process nor its determination constitutionally invalid.

Further, while Saul did serve as Commissioner during the SSA's adjudication of Plaintiff's disability application, the Court makes no judgment on whether Saul's tenure as Commissioner tainted Plaintiff's adjudication or determination because Plaintiff does not allege the Appeals Council judges were appointed during Saul's unconstitutional tenure. Plaintiff also makes no assertion that the removal provision caused Commissioner Saul to direct the Appeals Council to adjudicate or determine Plaintiff's case in any specified way; in fact, Plaintiff alleges the Commissioner could not provide any valid authority to SSA judges. (*Id.*) Additionally, Plaintiff does not specify which social security rules, if any, were promulgated by Saul during his tenure or applied during Plaintiff's appeal. Without such information, Plaintiff's allegations are speculative, and Plaintiff "cannot meet [his] burden of showing actual harm with speculation alone." *Kaufmann*, 32 F.4th at 850.

### IV.   CONCLUSION

In sum, the ALJ did not err in his determination of Plaintiff's RFC. Further, Plaintiff has not sufficiently alleged any actual, compensable, and particularized harm resulting from the unconstitutional statutory removal restriction in the Social Security Act. Consequently, the Court declines Plaintiff's request to reverse and remand the case for additional administrative proceedings on these bases.

For the foregoing reasons,

**IT IS ORDERED** that the ALJ decision is **AFFIRMED**. The Clerk of Court shall

enter judgment accordingly.

Dated this 7th day of July, 2022.

James A. Teilborg
Senior United States District Judge